# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-DOR DORMEVIL, et al., <br><br>           Plaintiffs, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION and OFFICE OF ADMINISTRATIVE HEARINGS, <br><br>           Defendants. | CASE NO. 06cv2357 BEN (RBB) <br><br> **ORDER: (1) GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM; (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS CLAIM THREE; AND (3) DECLINING TO EXERCISE PENDANT JURISDICTION** <br> **[Dkt. Nos. 6, 7 & 10]** |

Now before the Court is the Petition for Appointment of Jean-Jacques Dormevil as Guardian Ad Litem for Jean-Dor Dormevil, a minor, and the Motions to Dismiss of Defendant California Department of Education ("DOE") and Defendant Office of Administrative Hearings ("OAH"). The motions are granted. Jean-Jacques Dormevil is appointed Guardian Ad Litem.

## I.  BACKGROUND

This action is rooted in the federal Individuals With Disabilities Education Act, or the IDEA, 20 U.S.C. §§ 1400 *et seq*. But it is hardly a typical IDEA lawsuit. The goal of the IDEA is to ensure that all children with disabilities have the opportunity to receive a free appropriate public education (or "FAPE"). *Winkleman v. Parma City School District*, 127 S.Ct. 1994, 2000 (2007). The IDEA requires the local school district to develop an individualized education plan for each child with a disability. *Id.* If a child's parents object to the adequacy of the education provided or

the individualized education plan, a complaint may be presented to the school district. *Id.* at 2001. The complaint prompts a review with the local education agency and lays the groundwork for appellate review. *Id.* If unsatisfied by the local review, the parents may then request an impartial due process hearing before the state educational agency. *Id.* If the hearing officer's decision fails to remedy the defect in the FAPE or the individualized education plan, the parents or the child may seek review of the hearing officer's decision in federal district court. *Id.* As a result, the typical federal action is an appeal of a state hearing officer's decision denying the parent's request for a change in the free education provided. *See e.g., Hood v. Encinitas Union School District*, 486 F.3d 1099 (9th Cir. 2007).

In this action, Jean-Dor Dormevil, a child within the San Diego Unified School District, sought special education services from the school district for the 2005-2006 school year. Unsatisfied with the school district's response, Dormevil's father unilaterally placed Dormevil in a residential facility in Provo, Utah, for the school year and sought reimbursement from the school district in an IDEA due process hearing before the California Office of Administrative Hearings.

The OAH found that the child was suffering from a severe emotional disturbance and was eligible for special educational services. It further found that the school district had failed to provide a free appropriate education. Finally, the OAH found the father was entitled to reimbursement for the costs of Dormevil's schooling in Utah. In an Order dated August 30, 2006, the OAH directed the San Diego Unified School District to reimburse the father in the amount of $66,920.

When the school district delayed making the ordered payment, Dormevil brought the instant action against the local school district, the OAH, and the California Department of Education, asserting ten new claims for relief.[1]

A settlement agreement was reached three weeks later. Defendant San Diego Unified

---

[1] Specifically, Plaintiff asserts the following claims for relief: (1) fraudulent inducement of contract against OAH; (2) fraud against OAH and CDE; (3) violations of the IDEA; (4) breach of the covenant of good faith and fair dealing against the OAH and CDE; (5) violations of the rights of privacy and confidentiality against all three Defendants; (6) breach of a constructive trust against the OAH and CDE; (7) an accounting from the OAH and CDE; (8) waste of public funds against all three Defendants; (9) intentional abuse of the legal system by the San Diego City Schools; and (10) intentional infliction of emotional distress against all three Defendants.

1  School District agreed to pay plaintiff $195,000.  Plaintiff agreed, among other things, to "[g]rant
2  an extension of time to Defendant, and CDE and OAH to respond to the Complaint, until the
3  Board of Education approves that Agreement and payment is submitted to Plaintiffs, at which time
4  the Plaintiffs shall file [a] dismissal with prejudice as to all Parties."  *See* California Department of
5  Education's Request for Judicial Notice, Attachment 1, ¶ 8(a).  On December 19, 2006, Plaintiff
6  voluntarily dismissed the local school district from this case.  Significantly, only the OAH and the
7  CDE remain as Defendants.

## II.  ANALYSIS

9  A single federal claim for relief is set out in count three of the Complaint.  The Complaint
10 points out that the IDEA provides that a due process hearing is to be afforded to an aggrieved
11 student.[2]  The Complaint states that Plaintiff received such a hearing and the OAH rendered its
12 decision finding the San Diego City Schools violated the IDEA and that compensatory education
13 was owed to Plaintiff.

14 There is no cognizable claim for relief against the OAH or CDE under the IDEA and there
15 is no actual case or controversy between the Plaintiff and the OAH or CDE.  The OAH provided a
16 hearing and decision as required.  The OAH decision found in favor of Plaintiff.  The local school
17 district's compliance with the decision has occurred and the local school district has been
18 dismissed.  Because no injury-in-fact to Plaintiff is apparent, Plaintiff lacks Article III standing
19 and the claim must be dismissed.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992);
20 *E.M. ex rel. E.M. Pajaro Valley Unified School District*, Case No. C 06-4694 JF, slip op., 2006
21 WL 3507926 (N.D.Cal. Dec. 5, 2006)(finding no Article III standing to sue OAH or CDE under
22 IDEA due to technical time violation and hypothetical future injury).

23 Alternatively, Plaintiff has failed to state a federal claim upon which relief can be granted.
24 This Court can find nothing suggesting that a student may bring an action directly against either
25 the state department of education or the government provider of due process hearings under the
26 IDEA when a due process hearing was, in fact, provided and the resulting order was complied

---

[2] The Complaint mentions only 20 U.S.C. § 1514.  *See* Complaint at p. 14:13.  However, § 1514 does not exist and the Court assumes Plaintiff intended to rely on § 1415.

1  with.  Plaintiff relies on the case of *Porter v. Board of Trustees*, Case No. CV 00-8402 GAF, slip
2  op., (C.D. Cal. Dec. 21, 2004) (on remand from *Porter v. Board of Trustees of Manhattan Beach*,
3  307 F.3d 1064 (9th Cir. 2002)).  In *Porte*r, the District Court for the Central District of California
4  did hold the CDE liable for failing to force a local school district to comply with a state hearing
5  officer's FAPE order.  However, there was a long history of the local school district disregarding
6  the orders of the CDE and an equally long history of the CDE taking no steps to enforce its orders.
7  The result was that the student was denied an appropriate education over a number of years.
8  While that court's reasoning might apply in such a drastic setting, such is not the case here.  The
9  local school district in the present case has satisfied the order of the OAH and the local school
10 district has been dismissed by Plaintiff.  As a result, Plaintiff either has no claim for relief against
11 the California Department of Education and the OAH, or if it had a claim, the claim is now moot.
12 *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) ("Simply stated, a case is moot
13 when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the
14 outcome.").  Either way, the federal claim must be dismissed.

### III.  PENDANT JURISDICTION

16        Plaintiff's only federal claim is the third claim for relief based upon the IDEA.  A district
17 court may decline to exercise supplemental jurisdiction over other state law claims if the district
18 court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).
19 Whether or not a federal court should exercise pendant jurisdiction over a state law claim is left to
20 the discretion of the court.
21        The method of determining whether or not to retain jurisdiction over state law claims was
22 set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  The Court reiterated that
23 "[p]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726.  In the
24 situation where the "federal claims are dismissed before trial...the state claims should be dismissed
25 as well." *Id.* at 727; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988).  The Ninth
26 Circuit has consistently ruled that when federal claims are dismissed it is within the court's
27 discretion to dismiss the state law claims, and that in the usual case the state claims will be
28 dismissed.  *Notrica v. Board of Supervisors*, 925 F.2d 1211, 1213-14 (9th Cir. 1991); *see also*

1 | *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002).

2 | Since the Court is dismissing the single federal claim against the two remaining Defendants (CDE and OAH), and there is no other basis for original federal jurisdiction, the Court declines to retain jurisdiction over the remaining state law claims and dismisses the action in its entirety.

### IV.  CONCLUSION

The only federal claim (the third claim for relief against the California Department of Education and the Office of Administrative Hearings for violations of the IDEA) is hereby dismissed.  The Court declines to exercise jurisdiction over the remaining state law claims and dismisses the remaining action in its entirety.

**IT IS SO ORDERED**.

DATED:  August 29, 2007

_____
Hon. Roger T. Benitez
United States District Judge